IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFONSO G. SANCHEZ
and CECILIA SANCHEZ,

      Plaintiffs,

vs.                                                Civ. No. 08-742 LH/RHS

1. BURLINGTON NORTHERN AND
SANTA FE RAILWAY; FRED A. LUCERO;
MCI TELECOMMUNICATIONS, INC.; COUNTY
OF SANTA FE, NEW MEXICO;

2. THE FOLLOWING NAMED PERSONS,
BY NAME IF LIVING, IF DECEASED THEIR
UNKNOWN HEIRS, TO WIT:

ADELAIDO GARCIA, THOMAS GARCIA,
NAZARIO GARCIA, JUAN DE DIOS GARCIA,
LUCIANO GARCIA; NABORA G. GARCIA,
GUMECINDO GARCIA;

3. ALL UNKNOWN CLAIMANTS OF
INTEREST IN THE PREMISES ADVERSE
TO THE PLAINTIFFS,

      Defendants.

**REPORT AND RECOMMENDATIONS REGARDING
DEFENDANT BNSF'S MOTION TO STRIKE PLAINTIFFS'
EXPERT WITNESS LIST AND EXCLUDE PLAINTIFFS'
EXPERTS FROM TESTIFYING, AND
<u>ALTERNATIVE MOTION FOR EXTENSION OF TIME</u>**

**THIS MATTER** comes before the Court on Defendant BNSF's Motion to Strike

Plaintiffs' Expert Witness List and Exclude Plaintiffs' Experts from Testifying, and Alternative

Motion for Extension of Time [docket no. 40]. The motion was referred to the undersigned by

Order of Reference (docket no. 48) directing that a hearing be conducted, if warranted, including

an evidentiary hearing and that the undersigned perform any legal analysis required to

recommend to the Court an ultimate disposition. This Report and Recommendation is therefore made pursuant to that Order of Reference.

### *Background*

On February 3, 2009, the Court entered its Scheduling Order (docket no. 27) which, in part, directed Plaintiffs to identify to all parties in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than September 2, 2009. Rule 26 of the Federal Rules of Civil Procedure also requires parties to disclose information relative to expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B). Included in the information to be disclosed pursuant to Rule 26 is a detailed and complete written report as to each expert witness.

On September 2, 2009, Plaintiffs filed an Expert Witness List which designated eight expert witnesses (docket no. 29). This Expert Witness List fails to comply with the Scheduling Order of February 3, 2009 (docket no. 27) and/or Fed. R. Civ. P. 26(a)(2) for the following reasons:

    1. There is no complete statement of all opinions the witness will express and the basis and reasons for them;

    2. There is no summary of the data or other information considered by the witness forming them;

    3. There are not copies or disclosures of any exhibits that will be used to summarize or support the opinions;

    4. There is not a list of the witness' qualifications, including a list of all publications authored in the previous ten years;

5.  There is not a list of all other cases in which during the previous four years the witness testified as an expert at trial or by deposition; and

6.  There is not a statement of the compensation to be paid for any study or the testimony in the case.

Defendant Burlington Northern and Santa Fe Railway now asks the Court to enter an Order striking Plaintiffs' Expert Witness List and barring the purported experts listed therein from testifying or, in the alternative, granting BNSF additional time to provide its expert witness disclosures after Plaintiffs comply with the Scheduling Order and Rule 26.

### *Recommended Disposition*

In response to Defendant BNSF's Motion to Strike (docket no. 40), Plaintiffs filed their "Answer" (docket no. 43) on October 2, 2009.  This pleading has been edited by hand-written interlineations and the undersigned cannot determine if these modifications and interlineations were conducted by Plaintiff Alfonso G. Sanchez, Esq., *pro se*, or some other person.  In their "Answer" Plaintiffs do not present any legal or factual argument relative to their failure to comply with the Court's Scheduling Order of February 3, 2009 (docket no. 27) as well as Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs concentrate on their request that the Court conduct a settlement conference (preferably with Judge Garcia).  Plaintiffs further advise the Court that they believe BNSF's request for attorney's fees "sounds frivolous" (*see* "Answer" at page 6) and also Plaintiffs make reference to BNSF's attorney as being "the biggest attorney firm in New Mexico and very financially stable ..." (*see* "Answer" at page 6).  None of these matters are responsive to the issues raised in the motion which is the subject of this Report and Recommendations.

Of significant concern is Plaintiffs' argument that BNSF's attorneys "are failing to convey the offers of settlement to their clients and are attempting to run the clock on their clients

and in effect take advantage of Plaintiffs who are elderly, without funds and in need of adequate representation" (*see* "Answer" at page 5).  These are not reasons for excuse as to non-compliance with the rules and Scheduling Order, however, the frustrations apparent in the allegations of the Plaintiffs are such that it would be inequitable and contrary to the interests of justice to summarily strike the witness list without providing Plaintiffs the opportunity to cure the same.

The undersigned respectfully recommends that Defendant BNSF's Motion to Strike Plaintiffs' Expert Witness List and Exclude Plaintiffs' Experts from Testifying, and Alternative Motion for Extension of Time [docket no. 40] be granted in part and denied in part as follows:

1. The Motion should be denied to the extent that it seeks an order from the Court immediately striking Plaintiffs' Expert Witness List.

2. Plaintiffs should be granted through December 11, 2009, to file an Amended Disclosure of Expert Witnesses together with expert reports and other information required under Rule 26 of the Federal Rules of Civil Procedure including:

   a. a complete statement of all opinions the witness will express and the basis and reasons for them;

   b. the data or other information considered by the witness in forming them;

   c. any exhibits that will be used to summarize or support them;

   d. the witness's qualifications, including a list of all publications authored in the previous ten years;

   e. a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

   f. a statement of the compensation to be paid for the study and testimony in the case.

3. All case management deadlines should be extended as follows:

   Discovery                             January 29, 2010

| | |
|---|---|
| Discovery motions | February 12, 2010 |
| Defendants' Experts | January 11, 2010 |
| Pretrial Motions | February 26, 2010 |
| Plaintiffs' Portion of the Pretrial Order | April 16, 2010 |
| Defendants' Portion of the Pretrial Order | May 3, 2010. |

4.  In the event Plaintiffs fail and/or refuse to comply with the terms of the Scheduling Order entered February 3, 2009 (docket no. 27) as well as Fed. R. Civ. P. 26(a)(2)(B) on or before December 11, 2009, then, and in such event, Plaintiffs' Expert Witness List shall be stricken and Plaintiffs should be barred from calling the purported experts to testify at the time of trial on the merits.

5.  The Court reserves jurisdiction to impose attorney's fees in the future as may be appropriate under the circumstances.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE